IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KELSEY ROSS,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) **Case No.: 21 CV 6193** <br> **ANM LEARNING CENTERS, LLC** ) <br> **d/b/a THE GODDARD SCHOOL of** ) **JURY DEMAND** <br> **NORTH AURORA,** ) <br> ) <br> **Defendant.** | |

## COMPLAINT

Plaintiff, **KELSEY ROSS,** ("Plaintiff"), by and through her attorneys, the Law Offices of Michael T. Smith & Associates, P.C., and in complaining of the defendant, **ANM LEARNING CENTERS, LLC, d/b/a THE GODDARD SCHOOL of NORTH AURORA** ("Defendant"), and states as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Plaintiff brings this action for under the Americans with Disabilities Act, 42 U.S.C. 12101 et seq. ("ADA") for Defendant discriminating against Plaintiff on the basis of her disability.

2. Jurisdiction of this action is conferred upon the Court by 28 U.S.C. §§ 1331, 1343.

3. Venue for this action is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(1)-(2) and (d) because the employment practices hereafter alleged to be unlawful were committed in the Northern District of Illinois and because Defendant's contacts are sufficient to subject it to personal jurisdiction in

that district.

4. Plaintiff filed a charge against Defendant with the Equal Employment Opportunity Commission ("EEOC") ("Exhibit A") and thereafter was sent a Notice or Right to Sue dated August 26, 2021 ("Exhibit B").

5. Plaintiff timely filed his Original Complaint with the United States District Court for the Northern District of Illinois.

## PARTIES

6. Plaintiff is a disabled adult individual and a resident of Yorkville, Illinois.

7. Defendant is and was at all times relevant to the allegation herein, a domestic limited liability company organized under the laws of the State of Illinois doing business in Illinois and other surrounding states.

8. At all times relevant to the allegations herein, Plaintiff was employed by Defendant at its North Aurora, Illinois location.

9. At all times relevant to the allegations herein, Defendant was an "employer" as that term is defined under the ADA.

10. At all times relevant to the allegations herein, Plaintiff was an "employee" of Defendant as that term is defined under the ADA.

## FACTUAL ALLEGATIONS

11. Plaintiff is a disabled individual in that she has the impairments of postpartum depression and anxiety that substantially limit her in several major life activities including but not limited to the ability to socialize, communicate, regulate emotions, and think.

12. Despite Plaintiff's disabilities, she was, and is, a qualified individual with a disability in that she can perform the essential functions of the position with/without and

accommodation.

13. At all times relevant to the allegations herein, Plaintiff was meeting the legitimate job performance expectations of Defendant.

14. Plaintiff began her full-time employment with Defendant on or around May 29, 2020. Plaintiff's last position with Defendant was Lead Teacher/Floater.

15. In early January 2021, shortly after returning from maternity leave, Plaintiff was diagnosed with postpartum depression and anxiety and was put on a treatment plan that involved seeing a therapist weekly and increased time away from work.

16. Plaintiff advised her supervisors of her diagnoses and treatment plan. Plaintiff requested an accommodation in the form of time off when she needed to see her therapist and increased personal time.

17. Defendant considered whether to have Plaintiff work longer shifts four days a week so that she could have the fifth day off, or to make Plaintiff a temporary part-time employee.

18. Defendant made Plaintiff a part-time employee, however, it failed to place Plaintiff on the schedule the following week and did not provide her with any hours at any time thereafter, with the exception of being called in to work for one day on March 19, 2021.

19. When Plaintiff inquired why she was not being given any hours, Defendant stated it was having a hard time finding hours for her, despite the fact that other non-disabled employees were being scheduled in place of Plaintiff.

20. On or around March 19, 2021, Plaintiff's condition had improved to the point that she requested Defendant bring her back full-time, but Defendant advised her that it "didn't know when and where [she] would fit into the scheduling."

21. On or around April 7, 2021, Defendant terminated Plaintiff's employment without warning and without legitimate cause or justification.

22. Soon thereafter, Plaintiff discovered that Defendant had filled the Plaintiff's job position with another teacher who was returning from maternity leave and that Defendant had posted job openings for lead teachers on Indeed.

23. The ADA makes it unlawful for an employer to discriminate against an employee on the basis of an employee's disability, because of a record of disability or because the employer regards the employee as suffering from a disability.

24. The ADA also requires employers to grant reasonable disability accommodations to qualified individuals with a disability that do not cause an undue hardship to the employer.

25. By its conduct alleged herein, Defendant discriminated against Plaintiff and/or failed to accommodate her when it terminated her employment.

26. As a result of Defendant's actions, Plaintiff has suffered economic losses and emotional distress.

27. Defendants' conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from discrimination based upon her disability in the workplace.

28. Plaintiff demands to exercise her right to a jury trial of this matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants and that it:

a) Award Plaintiff the value of all actual damages to be proved at trial;

b) Award Plaintiff compensatory damages for emotional distress;

c) Award Plaintiff equitable/injunctive relief;

    d)        Award Plaintiff punitive damages;

    e)        Award Plaintiff reasonable attorney's fees, costs and disbursements;

    f)        Award Plaintiff any and all other relief as the Court deems just in the premises.

    g)        The plaintiff requests a jury trial of this action.

KELSEY ROSS

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith (6180407IL)
THE LAW OFFICES OF MICHAEL T. SMITH & ASSOC. P.C.
10 N. Martingale Road, Suite 400
Schaumburg, IL 60173
(847) 466-1099
Msmith39950@aol.com